IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN BRENNAN AND §<br>DARLA BRENNAN §<br>§<br>§<br>VS.                                       §<br>§<br>§<br>§<br>§<br>GALLAGHER BASSETT SERVICES, §<br>INC., EXAM WORKS, MISTY DAWN §<br>SAUNDERS, and CHARLES CHALEE §<br>TUEN, M.D.                            § | CASE NO.3:17-cv-01204-L |

**DEFENDANT GALLAGHER BASSETT SERVICES, INC. AND MISTY SAUNDERS'
REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Gallagher Bassett Services, Inc. ("Gallagher") and Misty Saunders ("Saunders"), filing this their Reply to Plaintiff's Response to Motion to Dismiss, and would respectfully show unto the Court as follows:

**I.**

**PLAINTIFF'S RESPONSE IGNORES ERISA PREEMPTION**

Significantly, Plaintiffs failed to address how Plaintiffs' causes of action are not pre-empted by ERISA. By Plaintiffs' own Complaint, the factual basis for her claims is the "employer's work injury benefit plan" which afforded benefits to Plaintiff Darla Brennan. The United States Supreme Court has long held that all state law causes of action are pre-

Page 1

empted by ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S 41, 47 (1987). Plaintiff's Response does not dispute that the "employer's work injury benefit plan" is an ERISA plan.

In addressing a motion to dismiss, the Fifth Circuit has held that the Court may rely on the complaint, its proper attachment, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). In that Plaintiff's Complaint references the "employer's work injury benefit plan," that document is incorporated into the complaint by reference. Defendants have attached the "employer's work injury benefit plan" hereto as Exhibit A. The plain language of the Plan documents specifically define it as an ERISA plan and sets forth the rights and obligations under ERISA. Because the "employer's work injury benefit plan" is an ERISA plan, all of Plaintiffs' causes of action against Defendants Gallagher and Saunders and pre-empted.

## II.

## PLAINTIFFS FAILED TO ALLEGE SUFFICIENT FACTS

Plaintiffs' response to the motions to dismiss does little more than recite verbatim the allegations set forth in the petition and the elements of each cause of action. Plaintiffs simply failed to show how Defendants Gallagher and Saunders can be held liable for the termination of employment by Plaintiff Darla Brennan's employer – a non-party to this action. Initially, the facts pled by Plaintiffs are not well pled. However, even accepting all well-pleaded facts in the light most favorable to the Plaintiffs, Defendants Gallagher and Saunders cannot be held liable as a matter of law. Plaintiffs allege damages caused by the

termination of her employment; however, there are no facts pled that show that Defendants Gallagher and Saunders had any input into the personnel decisions of a third party. Plaintiffs' Original Complaint clearly alleges that the termination decision was made by Darla Brennan's employer – not one of the defendants herein.

As for the fraud cause of action, Plaintiffs have not pled a single representation purportedly made by either Defendant Gallagher or Defendant Saunders, much less that such alleged representation was false, that Defendants knew the representation was false, the Defendants intended **Plaintiffs** to act on the representation, or that **Plaintiffs** relied on the representation. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009). The Response to Motion to Dismiss states "Defendants represented to Mrs. Brennan that they would pay her medical and wage benefits **if determined that she was unable to work**." (emphasis added). However, the Plaintiffs' Original Complaint does not contain such a statement. Furthermore, Defendant Tuen found that Mrs. Brennan was capable of working according to the Plaintiff's Complaint, therefore, even that statement in the Response to Motion to Dismiss is not a fraudulent representation. Neither Plaintiffs' Original Petition, nor the Response to Motion to Dismiss refer to any alleged representation made by Defendants Gallagher and Saunders to Plaintiffs or reliance on any representation by Plaintiffs. Simply put, Plaintiffs' Original Complaint makes no affirmative pleading of any representation made by Defendants Gallagher and Saunders to Plaintiffs. The entire premise of Plaintiffs' suit is that Mrs. Brennan's employment was terminated based on a report by Defendant Tuen.

Similarly, Plaintiff's Response to Motion to Dismiss does not cite to any legal

authority holding that the act of requesting an Independent Medical Examination and surveillance from a public area constitutes an unlawful act to support the conspiracy cause of action. Both such acts are lawful acts. *Anderson v. Cytec Industries, Inc.*, 619 F.3d 505 (5th Cir. 2010)(IMEs are permitted); *Dow Chemical Co. v. United States,* 476 U.S. 277, 238, 106 S.Ct. 1819, 90 L.Ed.2d 226 (1986)(surveillance in a public space is permissible). Because Plaintiffs' Complaint does not plead any facts of any unlawful activity to support the conspiracy cause of action, same should be dismissed as to Defendants Gallagher and Saunders.

With regard to the tortious interference with a contract cause of action, Plaintiffs have pled no facts to show that Defendants Gallagher and Saunders had any influence on the personnel decisions of a third party. The Plaintiffs' Original Complaint merely pleads that Defendants Gallagher and Saunders acted as the ". . . the third party administrator of the employer's work injury benefit plan that paid . . . wage replacement and medical benefits." There is no allegation that the actions of Defendants Gallagher and Saunders in handling a claim for benefits had any impact or influence on the personnel decisions of Darla Brennan's employer. Under Plaintiffs' theory, any time an entity handles a claim under an employee benefit plan, or even a workers' compensation claim under the Texas Workers' Compensation Act, the claims handler could be held liable for employment decisions made by the actual employer. Bare allegations that Defendants Gallagher and Saunders assisted in handling Darla Brennan's claim and that Darla Brennan's employer thereafter terminated her employment are insufficient to establish a cause of action for tortious interference with an employment at will contract.

Finally, Plaintiffs' pleadings for intentional infliction of emotional distress also fail. One element of intentional infliction of emotional distress is that **defendants**' conduct proximately caused the plaintiff's emotional distress. Yet, in the facts pled, the Plaintiffs complain about the termination of employment by Darla Brennan's employer based on a report by Defendant Tuen. It cannot be said that with those attenuated facts, the conduct of Defendants Gallagher and Saunders proximately caused the plaintiffs' alleged emotional distress.

### III.

### CONCLUSION

In summary, all of Plaintiffs' causes of action are pre-empted by ERISA. Further, Plaintiffs have failed to plead sufficient facts to show liability by Defendants Gallagher and Saunders. Mere "formulaic recitation of the elements of a cause of action" and "labels and conclusions" do not meet the federal standard to withstand a motion to dismiss for failure to state a claim. *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1949 (2009). Defendants Gallagher and Saunders are entitled to dismissal of all causes of action.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Gallagher Bassett Services, Inc. and Misty Saunders respectfully request their Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, with Supporting Memorandum, be in all things granted; that Plaintiffs' causes of action against Defendants Gallagher and Saunders be dismissed; that Judgment be entered in favor of Defendants Gallagher and Saunders; and for such other and further relief as to which they may be justly entitled.

**RESPECTFULLY SUBMITTED** this ___7th___ day of June, 2017.

                                       **AYERS & AYERS**

                                       By: */s/Deanne C. Ayers*
                                       Deanne C. Ayers #030486
                                       **AYERS & AYERS**
                                       Ayers Plaza
                                       4205 Gateway Drive, Suite 100
                                       Colleyville, TX  76034
                                       Telephone:  (817) 267-9009
                                       Facsimile:   (817) 318-0663
                                       *dayers@ayersfirm.com*

                                       *Attorney for Defendant Gallagher Bassett*
                                       *Services, Inc. and Misty Saunders*

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing document has been this the _7th___ day of June, 2017, served on Plaintiffs, and each party who has appeared herein, by and through their/its/her/his attorney of record, via e-service.

                                       /s/ Deanne C. Ayers
                                          Deanne C. Ayers